1
2
3
4
5
6
7
8                        UNITED STATES DISTRICT COURT

9                    FOR THE EASTERN DISTRICT OF CALIFORNIA

10

11    KHOT PANYANOUVONG,                        No.  2:25-cv-2530 AC P

12                    Petitioner,

13          v.                                  ORDER AND FINDINGS &
                                                RECOMMENDATIONS
14    PEOPLES,

15                    Respondent.

16

17          Petitioner is a state prisoner proceeding pro se with a petition for a writ of habeas corpus

18    pursuant to 28 U.S.C. § 2254.

19          Rule 4 of the Rules Governing Section 2254 Cases in the United States District Courts

20    (Habeas Rules) requires the court to summarily dismiss a habeas petition, "[i]f it plainly appears

21    from the petition and any attached exhibits that the petitioner is not entitled to relief in the district

22    court."  "[A] petition for habeas corpus should not be dismissed without leave to amend unless it

23    appears that no tenable claim for relief can be pleaded were such leave granted."  Jarvis v.

24    Nelson, 440 F.2d 13, 14 (9th Cir. 1971) (citations omitted).

25          The petition is largely indecipherable and, rather than stating a claim for relief, appears to

26    admit that petitioner killed his cellmate in a fight.  ECF No. 1.  The majority of the petition is

27    comprised of varying combinations of the following statements on repeat: "alles in alles of mines.

28    please"; "I did some of it"; "please understand"; and "please help me with work."  Id.  The

                                                  1

1   contents of the petition are substantively identical to those in the petitioner filed in Panyanouvong

2   v. Peoples (Panyanouvong I), E.D. Cal. No. 2:25-cv-1128 WBS JDP, which was dismissed

3   without leave to amend after an unsuccessful attempt to amend the complaint.  See Panyanouvong

4   I, ECF Nos. 14, 17.  Petitioner cannot avoid the dismissal without leave to amend in

5   Panyanouvong I by initiating a new action.  Furthermore, even if the court were inclined to

6   consider the instant petition, it is substantively identical to the petitions in Panyanouvong I and

7   petitioner has once again failed to identify any challenge to his conviction or sentence.  It is clear

8   that leave to amend would be futile and the instant petition should therefore be dismissed without

9   leave to amend.

10       Pursuant to Rule 11 of the Federal Rules Governing Section 2254 Cases, this court must

11   issue or deny a certificate of appealability when it enters a final order adverse to the applicant.  A

12   certificate of appealability may issue "only if the applicant has made a substantial showing of the

13   denial of a constitutional right."  28 U.S.C. § 2253(c)(2).  For the reasons set forth in these

14   findings and recommendations, a substantial showing of the denial of a constitutional right has

15   not been made in this case.  Therefore, no certificate of appealability should issue.

16       Accordingly, IT IS HEREBY ORDERED that the Clerk of the Court shall randomly

17   assign a United States District Judge to this action.

18       IT IS FURTHER RECOMMENDED that:

19       1.   Petitioner's application for a writ of habeas corpus be dismissed without leave to

20   amend.

21       2.   This court decline to issue the certificate of appealability referenced in 28 U.S.C.

22   § 2253.

23       These findings and recommendations are submitted to the United States District Judge

24   assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l).  Within fourteen days

25   after being served with these findings and recommendations, petitioner may file written

26   objections with the court and serve a copy on all parties.  Such a document should be captioned

27   "Objections to Magistrate Judge's Findings and Recommendations."  Petitioner is advised that

28   ////

failure to file objections within the specified time may waive the right to appeal the District Court's order.  Martinez v. Ylst, 951 F.2d 1153 (9th Cir. 1991).

DATED: September 22, 2025

ALLISON CLAIRE
UNITED STATES MAGISTRATE JUDGE